# COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY *v.* NORTHWEST CEMETERY COMPANY, INCORPORATED.

[No. 6, April Term, 1931.]

654

*Decided April 30th, 1931.*

· The cause was argued before URNER, Acting C. J., AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*M. Hampton Magruder,* for the appellant.

*Ogle Marbury,* with whom was *John F. Lillard* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The County Commissioners of Prince George's County have sought by this injunction suit to prevent the Northwest

Cemetery Company, Incorporated, from developing and maintaining a cemetery in that county because the company has not obtained permission for the purpose from the County Commissioners under chapter 187 of the Acts of 1929, providing as follows: "It shall be unlawful for any person, firm or corporation to establish or maintain in Prince George's County a cemetery or graveyard for the burial of human bodies without the written permission, first obtained of the County Commissioners of said county. Provided, however, that the written permission of the County Commissioners for the establishment of a cemetery or graveyard shall not waive the provisions of any zoning law or any other law which applies to the establishment of a cemetery or graveyard, the requirement of this section being intended as an addition to and not in substitution of any existing law or laws. Any person, firm or corporation violating any provisions of this section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000). The County Commissioners shall also have all the powers by way of injunction, which the law gives, to prevent the establishment or maintenance or to cause the removal when once established or maintained of a cemetery or graveyard, sought to be established or maintained, or actually established and maintained, without the written permission of the County Commissioners obtained as aforesaid."

A demurrer to the bill of complaint asserted that the act is invalid under the Federal and State Constitutions. Upon that ground the demurrer was sustained with leave to amend, and, this privilege not having been utilized, the bill was dismissed by a decree which is the occasion of the pending appeal.

The specific basis of the objection to the act is that it attempts to confer upon the county commissioners a wholly unregulated discretion to allow or to prevent the establishment or maintenance of a cemetery anywhere in Prince George's County. There is no indication in the act of any conditions with reference to which the authority should be

exercised. It gives the county commissioners no direction whatever as to the grounds upon which permission to establish or maintain a cemetery might be properly granted or refused. The import of the act is that a permit from the county commissioners shall be required, not only for the establishment of a new cemetery, but also for the continued maintenance of one already in existence. The application of the act is not confined by its terms to localities where it might have a clearly intended relation to the protection of the public health or other legitimate purpose of the police power. Its requirements apply to all cemeteries in the county, whether located in the open country, like the appellee's, or in thickly populated areas. There is no suggestion in the bill of complaint that the cemetery of the appellee is objectionable from the standpoint of any public interest.

The determination of the present question is governed by a series of former decisions of this court. *Mayor etc., of Baltimore v. Radecke,* 49 Md. 217; *Bostock v. Sams,* 95 Md. 400, 52 A. 665; *Hagerstown v. Balto. & O. R. Co.,* 107 Md. 178, 68 A. 490; *Goldman v. Crowther,* 147 Md. 282, 128 A. 50; *Tighe v. Osborne,* 149 Md. 349, 131 A. 801; *Electric Public Utilities Co. v. Public Service Commn.,* 154 Md. 445, 140 A. 840. The effect of those decisions is that a statute or ordinance which commits to a municipal or other governmental body or agency an indefinite authority to permit or forbid a lawful enterprise or property use is unconstitutional and void.

It is because the omission to prescribe reasonably definite standards for the exercise of such an authority might result in arbitrary discriminations, beyond the proper scope and purposes of the police power, that such enactments are held to be in conflict with the organic law. In accordance with that settled principle, we must hold, in agreement with the lower court, that the act under consideration is invalid.

The argument for the appellant included the contention that the appellee waived any constitutional objection to the act of 1929 by recognizing its validity. Such recognition is said to have been shown by efforts of the appellee to inaugu-

rate its cemetery project before the date when the act would, if valid, become operative, and by subsequent advertisements which stated that the appellee's cemetery had been dedicated immediately prior to the effective date of the act, and that it would render difficult the establishment of new cemeteries in the region to which it applied. It is not alleged that by the conduct thus described the County Commissioners were induced to do any act by which they would be prejudiced if the appellee's defense is sustained. There is no element of estoppel or waiver involved. In *County Commissioners of Somerset County v. Pocomoke Bridge Co.,* 109 Md. 1, 71 A. 462, it was held that the county commissioners were not estopped to dispute the validity of a statute by the fact that for a number of years they had made payments in pursuance of its provisions. The assumption by the appellee for a time that the Act of 1929 was effective is not an adequate reason for denying its right to question the constitutionality of the statute.

*Decree affirmed, with costs.*