## FULTON R. GORDON *v.* COMMISSIONERS OF MONTGOMERY COUNTY.

[No. 110, October Term, 1932.]

*Decided February 15th, 1933.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Ogle Marbury,* with whom was *John F. Lillard* on the brief, for the appellant.

*Joseph C. Cissell,* with whom were *Whiteford & Cissel* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

One of the purposes of chapter 702 of the Acts of 1927 was to authorize and empower the County Commissioners of Montgomery County to license and regulate graveyards within the limits of the county, and, in order to safeguard the public health, safety, and welfare, to pass rules, regulations, or ordinances for the purpose of executing powers granted by

the act, provided that proper standards for the exercise of the discretion conferred by its terms should be contained in such rules, regulations, or ordinances, and that they should operate uniformly. It was declared by the act to be unlawful for any person or corporation to establish or conduct such an enterprise without first obtaining from the county commissioners a license therefor, if required by any rule, regulation, or ordinance which the act authorized. In pursuance of that statute, the County Commissioners of Montgomery County passed an ordinance which provided that no person or corporation should establish or operate any cemetery, graveyard, or burial ground, within the limits of the county, without first obtaining a permit from the board of county commissioners, that no such place of interment should be so located as to permit drainage of water into any reservoir, well, spring, or stream used for drinking purposes by human beings, nor so as to endanger the safety and health of residents in the community in which it should be conducted, and that no cemetery, graveyard, or burial ground should be established within 500 yards of any school, hospital, sanitarium, orphan asylum, or in any part of the county where there were then residing more than one hundred persons within a radius of 500 yards of the outside limits of the burial reservation, and that whenever, in the opinion of the board of county commissioners, the location of such an area for the burial of the dead would endanger the health, welfare, or safety of the public in its vicinity, the board should refuse a permit for its establishment in such a neighborhood.

The object of this injunction suit is to prevent the county commissioners from interfering with the plaintiff's effort to open and operate a cemetery in Montgomery County without applying for and obtaining a permit in accordance with the provisions of the statute and ordinance. It is the plaintiff's theory that those enactments are invalid, and that he is therefore justified in disregarding their requirements. The contention is that the county commissioners could not be constitutionally invested by the Legislature with the power which the ordinance proposed to exercise.

The section of the Maryland Constitution relating to county commissioners includes the provision that "their compensation, powers and duties shall be such as now or may be hereafter prescribed by law." Const. art. 7, sec. 1, as amended in 1891.

This court has said: "A county is one of the public territorial divisions of the State, created and organized for public political purposes, connected with the administration of the State Government, and especially charged with the superintendence and administration of the local affairs of the community; and being in its nature and object a municipal organization, the Legislature may, unless restrained by the Constitution, or some one or other of those fundamental maxims of right and justice with respect to which all governments and society are supposed to be organized, exercise control over the county agencies, and require such public duties and functions to be performed by them, as fall within the general scope and objects of the municipal organization." *Talbot County Commissioners v. County Commissioners of Queen Anne's County,* 50 Md. 245, 259.

The regulation of cemeteries in the interest of the public health is within the police power of the State. The exercise of that power may be validly delegated by the Legislature to a municipal corporation or other qualified agency of local government. *Rossberg v. State,* 111 Md. 394, 74 A. 581; *Tighe v. Osborne,* 149 Md. 349, 131 A. 801; *Public Service Commission v. Phila., B. & W. R. R. Co.,* 155 Md. 104, 141 A. 509; *Pocomoke City v. Standard Oil Co.,* 162 Md. 368, 159 A. 902. It is clearly within the powers and duties which the Constitution declares may be conferred upon county commissioners. Important duties in relation to the public health have been imposed upon all the counties of the State by article 43, secs. 45, 46, 48-52, of the Code of Public General Laws.

The act under consideration does not attempt to confer upon Montgomery County an indefinite and wholly discretionary authority to grant or refuse permission to locate cemeteries. It requires that the regulations on the subject

shall contain proper standards to safeguard the public health and welfare and to govern uniformly the use of the delegated power. It differs in that respect from the act considered in *Prince George's County v. Northwest Cemetery Co.*, 160 Md. 653, 154 A. 452, 453. That enactment provided, with no reference being made to the police power, that it should be unlawful for any person or corporation, without the written permission of the county commissioners, to establish or maintain a cemetery or graveyard in Prince George's County. The opinion in that case said: "There is no indication in the act of any conditions with reference to which the authority should be exercised. It gives the county commissioners no direction whatever as to the grounds upon which permission to establish or maintain a cemetery might be properly granted or refused. The import of the act is that a permit from the county commissioners shall be required not only for the establishment of a new cemetery, but also for the continued maintenance of one already in existence." It was "because the omission to prescribe reasonably definite standards for the exercise of such an authority might result in arbitrary discriminations, beyond the scope and purposes of the police power," that the act there under discussion was held to be invalid. The standards prescribed by the County Commissioners of Montgomery County, as directed by the statute now challenged, are clearly appropriate and adequate to fulfill the conditions under which the police power, when delegated by the State, may be validly applied by such a governmental agency. Consideration is required to be given to the question of drainage, the number of adjacent residents, and the proximity of public institutions, within a specified distance, all with the distinct view to the protection of the public health. The only indicated ground for refusing a permit is a conclusion that the projected cemetery, in the location proposed, would endanger the health, welfare, or safety of the public in its vicinity. Proper compliance with the standards defined by the ordinance is an assurance against arbitrary discriminations or abuses of discretion. It is to be presumed that the action of the county commissioners, on

applications for cemetery permits, will not disregard, but will duly observe, the limitations which the ordinance has imposed. *Tighe v. Osborne,* 150 Md. 452, 133 A. 465; *State v. Hyman,* 98 Md. 596, 619, 57 A. 6.

It was argued that the controverted act of 1927, which placed various projects and enterprises in addition to cemeteries under the supervision and regulatory control of the county Commissioners, was an invalid extension of their authority into the field of legislative action, contrary to the historical limitation of their powers, and in disregard of the Home Rule Amendment to the State Constitution (article 11A). Each of the enterprises mentioned in the statute may affect a public interest to which the police power is properly applicable, and only for the specific purposes of that power does the act permit the delegated authority to be used. The fact that a county governmental organization created by the Constitution, with powers then or thereafter prescribed by law, may formerly have been granted more limited legislative functions, like those involved in the authority to levy taxes, is far from being a conclusive reason why their powers may not be enlarged. The Home Rule Amendment (Const. art. 11A) permits the voters of any county to adopt a charter containing provisions for a county council invested with authority to enact local laws upon subjects defined by the General Assembly, but that privilege has not been exercised in Montgomery County, and the amendment consequently has no effect upon the question now being determined.

The plaintiff was obligated by the terms of a valid statute and ordinance to obtain a permit from the County Commissioners of Montgomery County before proceeding to locate the cemetery which he has planned, and his suit for an injunction to aid him in that purpose, without any application having been made for such a permit, is not maintainable. The demurrer to the bill of complaint was correctly sustained for that reason. Leave to amend not having been utilized, the bill was properly dismissed.

*Decree affirmed, with costs.*