STATE *v.* GREENBERG ET AL.

[No. 145, September Term, 1959.]

(Two Appeals In One Record)

*Decided February 17, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *William L. Kahler, State's Attorney for Prince George's County,* on the brief, for appellant.

*Ernest N. Cory, Jr.,* with whom were *James G. Boss* and *Cory & Boss* on the brief, and *Nicholas Orem, Jr.,* with whom were *T. Howard Duckett, William Wells Beckett,* and *Duckett, Orem & Christie,* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

The State appeals from an order granting motions to dismiss and to quash warrants charging the appellees with maintaining a junk yard in Prince George's County without having obtained a permit therefor from the county commissioners, in violation of Code (1957), Art. 27, sec. 469. The trial court held the statute, applicable now in some ten counties, to be unconstitutional. The State's right to appeal is conceded.

The statute provides: "It shall be unlawful for any person, firm or corporation, either to maintain or permit to be maintained outside of any incorporated municipality a junk yard, a public dump or a lot on which refuse, trash or junk is deposited or motor vehicles are dismantled or stored within five hundred (500) feet of a public highway or within five hundred (500) feet of the residence of another, or for any person, firm or corporation, to throw, dump or deposit any trash, junk or other refuse upon the same, or to dismantle any motor vehicle thereon, unless said person, firm or corporation shall have obtained a permit from the county commissioners of the county in which said property or lot is situated, or from any agency or department having zoning or planning powers over the particular area; and, in granting said permit, said county commissioners, zoning agency or department shall prescribe the conditions under which same shall be operated or maintained; and any applicant aggrieved by the refusal of said county commissioners, zoning agency or department to issue such permit shall have the right to appeal to the circuit court for the county, provided that such appeal is taken within

ten days from such refusal. The zoning agency or department of any county shall exercise the powers under this section only while designated to do so by the county commissioners of the particular county. Any person violating the provisions of this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not exceeding twenty-five dollars ($25.00) for each such violation, and each day on which such violation continues shall be considered a separate offense." (There follows a list of counties in which the provisions of the statute apply.)

The trial court based its ruling that the statute was unconstitutional on the absence of any definite standards or guides to be followed by the county commissioners in issuing such permits. The State does not argue that the rule applied to the county commissioners acting under the statute should differ from that applied to any other agency exercising delegated powers in the issuance of permits, possibly because the county commissioners have not purported to act in the exercise of police powers, and the statute makes no reference thereto. It seems clear that the county commissioners are given the option, in their uncontrolled discretion, of granting or refusing an application in any case falling within the territorial areas mentioned in the statute. A junk yard is not an unlawful business, nor is it a nuisance *per se*. *Bladensburg v. Berg*, 216 Md. 292, 296; *Feldstein v. Kammauf*, 209 Md. 479, 487. The clause authorizing the county commissioners to prescribe the conditions under which a junk yard may be operated or maintained, is a further limitation as to use, and furnishes no standard or guide on the question of issuance *vel non*. We think it falls squarely in the category of "an indefinite authority to permit or forbid a lawful enterprise or property use" condemned in *County Comm'rs of Prince George's County v. Northwest Cemetery Co.*, 160 Md. 653, 656, and the cases there cited. Cf. *Gordon v. Montgomery County*, 164 Md. 210, 213.

In *Pressman v. Barnes*, 209 Md. 544, 555, the *Northwest Cemetery Co.* case was cited with approval, but distinguished on the ground that traffic regulations adopted by the Director of Traffic in Baltimore City were so directly related to the

474

public safety that the absence of precise standards was not fatal. See also *McBriety v. Baltimore City,* 219 Md. 223, 238, where we held that the standards applicable to the licensing of multiple family dwellings, "for the protection of the health, safety, morals and general welfare of the public", were as specific as the nature of the subject matter permitted. Cf. *Givner v. Commissioner of Health,* 207 Md. 184, 191. We think these cases are distinguishable.

The authority delegated to the county commissioners under the statute is not limited to matters falling within the scope of the police power, and is unreasonably broad in scope and effect. In such a situation, we think the decision in the *Northwest Cemetery Co.* case is controlling.

*Order affirmed, with costs.*