GRAU ET AL. *v.* BOARD OF ZONING APPEALS
OF BALTIMORE COUNTY

[No. 131, October Term, 1955.]

20

*Decided May 3, 1956.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Herbert F. Kuenne,* with whom were *Hinkley & Singley* on the brief, for appellants.

*Charles E. Quandt* and *Robert C. Prem,* with whom were *John J. Caslin,* and *Niles, Barton, Yost* and *Dankmeyer* on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County affirming an order of the Board of Zoning Appeals of Baltimore County reclassifying two lots of ground situated at the northwest corner of Loch Raven Boulevard and Mussula Road, in the Ninth Election District of Baltimore County, from a "B" (Semi-detached) Residence Zone to an "E" Commercial Zone.

These lots, which have been owned by Charles L. Regenhardt and Celeste E. Regenhardt, his wife, since 1942, were originally classified by the County Commissioners of Baltimore County on January 2, 1945, in an "A" (Cottage) Residence Zone. It was at that time that the County Commissioners, by authority vested in them by the Legislature of Maryland, adopted Zoning Regulations which divided the County into seven zones, namely, "A" (Cottage) Residence, "B" (Semi-detached) Residence, "C" (Apartment) Residence, "D" (Group) Residence, "E" Commercial, "F" Light Industrial, and "G" Heavy Industrial. *Oursler v. Board of Zoning Appeals of Baltimore County*, 204 Md. 397, 400, 104 A. 2d 568; *Temmink v. Board of Zoning Appeals of Baltimore County*, 205 Md. 489, 109 A. 2d 85; *Kroen v. Board of Zoning Appeals of Baltimore County*, 209 Md. 420, 121 A. 2d 181.

In 1945 the Legislature authorized the County Commissioners to vest in the Zoning Commissioner the power to amend, supplement, or change from time to time the boundaries of the zoning districts, divisions or zones. Laws 1945, ch. 502, Baltimore County Code, 1948 Ed., sec. 366. In accordance with that authority, the County Commissioners vested in the Zoning Commissioner the power to reclassify tracts of land.

In 1951 the Regenhardts applied to the Zoning Commissioner to reclassify their two lots from an "A" (Cottage) Residence Zone to an "E" Commercial Zone. They asserted that there had been changes in the character of the neighborhood which had been brought about by the construction of many semi-detached houses, group houses, and apartments, as well as by a shopping center on Loch Raven Boulevard directly across from their lots. At that time the Zoning Commissioner refused

to change the classification of the lots to an "E" Commercial Zone, but reclassified them as a "B" (Semi-detached) Residence Zone. No appeal was taken from that action of the Zoning Commissioner.

In June, 1953, the Regenhardts filed their second application with the Zoning Commissioner, this time for reclassification from a "B" (Semi-detached) Residence Zone to an "E" Commercial Zone. On July 17, 1953, the Zoning Commissioner, believing that reclassification to an "E" Commercial Zone would be "spot zoning" and detrimental to the general welfare of the community, passed an order denying the petition.

The Regenhardts appealed from that order to the Board of Zoning Appeals. On December 31, 1953, the Board, reversing the action of the Zoning Commissioner, passed an order granting the reclassification of the lots from a "B" (Semi-detached) Residence Zone to an "E" Commercial Zone. In support of its action, the Board stated in its opinion: "Since 1945 there has been a phenomenal growth in cottage, semi-detached, and group homes, as well as commercial zones in this area. The Board is of the opinion that the granting of this reclassification would not be detrimental to the health, safety, and general welfare of the community."

On January 28, 1954, Dr. Edward Gordon Grau and other owners of property in the Ninth Election District filed a petition in the Circuit Court for a writ of certiorari directed to the Board of Zoning Appeals for the purpose of annulling the Board's order. They alleged that the order was illegal, arbitrary, and unreasonable and constituted a gross abuse of administrative discretion.

The protestants alleged that the evidence showed: (1) that reclassification from a "B" (Semi-detached) Residence Zone to an "E" Commercial Zone would be "spot zoning" and detrimental and in direct opposition to the zoning plan; (2) that it would create a traffic hazard, increase traffic on heavily burdened adjacent highways, and impede the normal flow of traffic; (3) that it would materially depreciate resi-

dential property values in the community; and (4) that it would interfere with the enjoyment of residential property and be detrimental to the health, safety and general welfare of the community. The protestants also denied that the evidence showed that additional commercial zoning is necessary or desirable to serve present or future needs of the community.

Judge Gontrum heard the case on September 24, 1954, and on June 24, 1955, entered an order affirming the order of the Board. It was from that order that the protestants appealed to the Court of Appeals.

However, on March 30, 1955, approximately three months before the decision of the Court below, the County Commissioners passed an order repealing the County Zoning Regulations in effect at that time, and adopted new Zoning Regulations in lieu thereof. On November 14, 1955, the County Commissioners, after public notice and hearings and upon recommendations of the Planning Commission of Baltimore County and the Zoning Commissioner, adopted a new Zoning Map for the Ninth Election District.

It was conceded by stipulation of counsel in this case that the two lots in question were zoned in an R-6 Area (residence, one and two family) on the new Zoning Map, and that the County Commissioners did not make any reservation of these two lots from that area.

It is clear that this case has become moot, because the reclassification ordered by the Board of Zoning Appeals on December 31, 1953, has been superseded by the County Commissioners. As we stated in *Banner v. Home Sales Company D*, 201 Md. 425, 94 A. 2d 264, a court should confine itself to the particular relief sought in the case before it, and refrain from deciding moot questions of law, which may remain after that relief has ceased to be possible.

The situation in the present case is similar to the situation in *Lake Falls Ass'n v. Board of Zoning Appeals of Baltimore County*, 209 Md. 561, 121 A. 2d 809. It was urged by the appellants in that case that they be allowed to challenge the classification of their property on the new

Zoning Map adopted by the County Commissioners in November, 1955. But we pointed out that such action would circumvent the procedure provided by the statute and would constitute an original trial of the case in the Court of Appeals. Likewise in the case before us, there might be new issues of fact, as the evidence for or against the new classification in an R-6 Area might be substantially different from the evidence for or against the reclassification in an "E" Commercial Zone.

We reaffirm that where an appeal is dismissed by the Court of Appeals on the ground that the controversy has become moot, the order or judgment from which the appeal was taken will not be binding against the appellant in a subsequent action between the parties based upon a different cause of action. *Restatement, Judgments,* sec. 69 (2) ; *Gelpi v. Tugwell,* 1 Cir., 123 F. 2d 377. However, we will dismiss this appeal without prejudice to any future litigation of any question which was decided by the Court below in this case, and we will instruct the Clerk of this Court to send a copy of this opinion to the Circuit Court for Baltimore County so that it will become a part of the record.

We must order appellants to pay the costs of this appeal, as the Legislature has expressly directed that in cases of appeal from any decision of the Circuit Court for Baltimore County reviewing a decision of the Board of Zoning Appeals, the Court of Appeals shall not award costs of the appeal against any party to the appeal except the appellant. Laws 1953, ch. 634.

*Appeal dismissed without prejudice, the costs to be paid by appellants.*