MANDEL, ET AL. AND SOUTHERN PROPERTIES, INC. *v.* BOARD OF COUNTY COMMISSIONERS OF HOWARD COUNTY, ET AL.

[No. 236, September Term, 1964.]

210

*Decided March 31, 1965.*

The cause was argued before HAMMOND, HORNEY, MAR-BURY, OPPENHEIMER and BARNES, JJ.

*Bernard F. Goldberg* and *T. Hunt Mayfield* for appellant Julius Mandel, et al.; *Reginald D. Malloy* on the brief for Southern Properties, Inc., other appellant.

*Lewis Straughn Nippard,* with whom was *Robert E. Wieder* on the brief, for appellees.

OPPENHEIMER, J., delivered the opinion of the Court.

The appellants contend that a change in the zoning regulations enacted while litigation in respect of the use of the appellants' properties under the former regulations was pending was illegally passed and violated their constitutional rights.

Consideration of the issues involved requires a statement of the nature and status of the litigation which was pending when the change was enacted and the manner in which the regulations were changed.

Mr. & Mrs. Julius Mandel, and Homer Gudelsky, trading as The Gudelsky Company (the Mandels), are the owners of a 376-acre tract of land situated on the west side of U. S. Route 29, and the north side of Maryland Route 108, in Howard County. They applied to the Board of County Commissioners for Howard County (the Board) for a zoning re-classification from an R-20 (Residential) District to an R-A-2 District (High-rise Apartments). The Board denied the re-classification. The Mandels filed a bill for a declaratory decree in the Circuit Court for Howard County [1] and, after hearing, that court restrained the Board from interfering in any way with the use by the Mandels of their property as an R-A-2 District. The Board appealed to this Court from the decree and that appeal (No. 330, September Term, 1963) is now pending.

Southern Properties, Inc. (Southern) is the owner of 31.55 acres of land located on the Howard County side of the Patuxent River opposite the town of Laurel. Southern, like the Mandels, had sought to have this land re-zoned from an R-20 District to an R-A-2 or High-rise Apartment District. The requested rezoning was denied by the Board. Southern filed a bill to reverse the Board's decision in the Circuit Court for Howard County, which heard the case and had the matter under consideration when the Board, by resolution, changed the zoning regulations. The Circuit Court then determined that Southern's proceedings before it had become moot. Southern did not appeal the order entered on that decision.

The Board's action in respect of the change in the zoning regulation was taken on December 19, 1963, after a petition filed by the Board, and a hearing before it. By its action, the Board deleted from the zoning regulations the Howard County regulations known as Section 8, entitled "R-A-2 District." The

---

1. Under the procedure then in effect in Howard County, bills were filed in equity to review the Board's zoning decision, instead of appeals therefrom to a court of law.

Mandels and Southern appeared before the Board in opposition to the change. After the Board's action in December, 1963, it filed a motion in case No. 330 to refer the questions therein presented back to the lower court because of the deletion of the R-A-2 District from the Howard County zoning regulations.

On January 21, 1964, Southern filed a bill in the Circuit Court for Howard County reciting the above facts insofar as they are pertinent to Southern's property and asking that the Board's action in deleting Section 8, R-A-2 District, from the Howard County zoning regulations be declared illegal, arbitrary, invalid and unconstitutional. The Board's opinion and order of December 19, 1963 setting forth its reasons for the change in regulations was attached as an exhibit to the bill. There was also attached as an exhibit a communication from the Howard County Planning Director to the Board to the effect that the Planning Commission, on November 6, 1963, had considered the proposed amendment to the zoning regulations to repeal Section 8 and had recommended denial. The report of the technical staff was attached to this exhibit. The Mandels filed a petition to intervene in the proceedings brought by Southern and, pursuant to leave to do so, filed an "intervenors' bill of complaint." The Board demurred to both bills of complaint. Judge Macgill sustained the demurrer without leave to amend and dismissed the bills. The appellants have appealed from that order.

I

In the memorandum filed with his order, Judge Macgill found that no vested rights had accrued to the complainants to give them standing to attack the Board's action in repealing and deleting the provisions for high-rise apartments in the zoning regulations. We agree that the complainants (the appellants) had no vested rights, but it does not follow they had no standing to have the question decided.

In *City of Greenbelt v. Jaeger*, 237 Md. 456, 206 A. 2d 694 (1965), Judge Hammond, for the Court, considered the question of whether the appellant in that rezoning case was an "aggrieved" party, and analyzed our earlier decisions on the matter. The issue here is not whether the appellants are "aggrieved" parties under a statutory provision as to their right to

appeal, under which the question presented in *Greenbelt* arose, but the discussion in that case is apposite as indicating that the appellants, or one of them, must have a special status in order to maintain the action.

Both the Mandels and Southern had applied to the Board to use their respective properties for high-rise apartments under the zoning regulations then existing. They have attacked, in a court of equity, the validity and constitutionality of the change in the zoning regulations which, of itself, would prohibit that use. The special damage to the appellants in not being able to use their properties for the desired high-rise apartments is implicit in the proceedings. See *Crozier v. Co. Comm. Prince George's County*, 202 Md. 501, 507, 97 A. 2d 296 (1953). *Wakefield v. Kraft*, 202 Md. 136, 96 A. 2d 27 (1953) was a suit in equity by property owners against the County Commissioners of Howard County for a decree to have a resolution rezoning a tract of real estate owned by the petitioners declared unconstitutional. We reversed a decree granting the relief prayed (two judges dissenting) but considered the validity of the Commissioner's action on the merits. In our opinion, in this case, the prior proceedings before the Board by both appellants give them the requisite status to attack the legality of the change in the zoning regulations. In addition, the Mandels have standing to question whether the Board, by its action, violated the terms of the injunction issued against it in the judicial proceedings in which the Mandels and the Board were parties.

In his memorandum, Judge Macgill, while basing his holding on the lack of standing of the parties, found, in effect, that the Board's action was not invalid because it interfered with any vested rights of the appellants. He did not consider the other legal issues as to the validity of the Board's action raised by the Board's demurrer to the bills of complaint. Ordinarily, under Maryland Rule 885, we would not decide questions which were not decided by the lower court. However, the Rule provides an exception when decisions of questions of law by this Court are necessary or advisable to avoid the expense and delay of another appeal. Among the types of cases excluded or excepted from the Rule are those presented on demurrer. *Kent v. Mer.-Safe Dep. & Tr. Co.*, 225 Md. 590, 593, 171 A. 2d 723 (1961);

*Martin G. Imbach, Inc. v. Deegan,* 208 Md. 115, 131, 117 A. 2d 864 (1955).

## II

We agree with Judge Macgill that this case is to be determined under the law as it now exists, that the appellants had not secured a final decree establishing their rights to use their properties for the use permitted under the former classification, that they had no vested rights, and that the change in the regulations is not invalid because it eliminates the proposed use.

*Yorkdale v. Powell,* 237 Md. 121, 205 A. 2d 269 (1964) was decided after the appeals in the present case were taken. In *Yorkdale,* we applied the rule that an appellate court is bound to decide a case according to existing laws, even though a judgment rightful when rendered by the court below should be reversed as a consequence, citing *Grau v. Board of Zoning Appeals,* 210 Md. 19, 23, 122 A. 2d 824 (1956) ; *Lake Falls Assn. v. Bd. of Zon. Appeals,* 209 Md. 561, 121 A. 2d 809 (1956) ; and *Banner v. Home Sales Company D,* 201 Md. 425, 94 A. 2d 264 (1953). Judge Hammond, for the majority of the Court, said :

> "It would seem to follow from the decisions in *Banner, Lake Falls* and *Grau* that an applicant for rezoning to a more intense use of his property, who has been successful before the zoning authorities and the circuit court does not acquire a vested or substantive right which may not be wiped out by legislation which takes effect during the pendency in this Court of the appeal from the actions below." 237 Md. at 126.

The dissent in *Yorkdale* affords no sustenance to the appellants here, for the dissenting judges agreed as to the law which controlled the decision and dissented only because they believed that the County Council of Baltimore County had shown a clear intention that the legislative change in the zoning regulations should not apply to pending litigation. In this case, the appellants contend the legislative change is invalid because it was meant to apply to the pending litigation. The effect of that allegation, on demurrer, will be considered hereafter, but, on the

issue here considered, it is clear that the Board, as a legislative body, if its action is otherwise in accordance with law, can validly change a zoning regulation, even though the effect of its action is to eliminate any inchoate rights which property owners may have asserted in pending appeals from adverse administrative determinations under the pre-existing regulations.

It is contended on behalf of the Mandels that because the Board was a litigant in the pending case and had been enjoined by court order from interfering with the Mandels' use of their land for high-rise apartments, its subsequent action in changing the zoning regulation was invalid on that ground alone. It is true that this precise situation did not exist in *Yorkdale* or in the cases therein cited. The appellants fail to distinguish, however, between the function of the Board as a party in an adjudicative proceeding (or, in the language of the Administrative Procedure Act, Code (1957) Article 41, § 244-256, a contested case) and its position as a legislative body.

The difference between the legislative, or rule-making, power of a body such as the Board, and its position in contested cases, is set forth in the definitions of "rule" and "contested case" in § 244 of the Administrative Procedure Act. In *Albert v. Pub. Serv. Commission,* 209 Md. 27, 36-37, 120 A. 2d 346 (1956), we said that one test for determining whether action by a commission is legislative where vested rights of liberty and property are not involved "is whether there is laid down a rule of future action which affects a group, and not the direct application of policy or discretion to a specific individual."

An illustration of how County Commissioners, such as the Board, may be acting in one aspect of the same subject matter as a legislative body, and, in another, as a party in a contested case, is contained in *Gordon v. Montgomery County,* 164 Md. 210, 164 Atl. 676 (1933). In that case, we first decided that the delegation of legislative authority to the County Commissioners of Montgomery County to license and regulate graveyards was valid, because the act required that the regulations to be passed on the subject by the Commissioners shall contain proper standards to safeguard the public health and welfare and to govern uniformly the use of the delegated power. We then

held that the regulations passed by the Commissioners, under their delegated legislative authority, were adequate and proper. Finally, we held that the appellant, who wished to establish a cemetery in the county, was obligated to obtain a permit from the Commissioners in a proceeding which would now be termed a contested case.

The action of the Board in changing the regulations was clearly rule-making or legislative in nature. The appellants conceded in the argument before us that the change did not deprive them of any constitutional right, in the sense that their properties are reasonably adapted only for high-rise apartments. See *De-Paul v. Board*, 237 Md. 221, 227-229, 205 A. 2d 805 (1965) and cases therein cited. The injunction of the court below in the pending litigation was directed only to the Board as a litigant in a contested case in its adjudicative capacity, not to its right to function in its legislative capacity. Under the *Yorkdale* rule, the Board's legislative act, if otherwise valid, eliminated any rights which the appellants had to use their property for high-rise apartments under the pre-existing zoning regulations.

## III

The appellants, in their bills of complaint, contend that the Board's action in changing the zoning regulations was in conflict with the Howard County Enabling Act (1948 Sp. Sess. Ch. 19, as amended) and in violation of the Board's own zoning regulations, which are printed in the Record Extract. We find these contentions to be without merit.

The Enabling Act (Section 233 b) provides that the County Commissioners of Howard County may, by appropriate regulations, restrict and regulate the use of buildings and land. Section 234 empowers the Commissioners to determine the manner in which regulations and restrictions shall be established, and from time to time amended, supplemented and changed. The zoning regulations adopted by the Commissioners, pursuant to the authority delegated to them by the Legislature, establishing zoning districts, one of which is the district described as "R-A-2 Residential Apartments"; Section 8 of the regulations provided for the "Uses Permitted in the R-A-2 Districts." The procedure established by the Board for the amendment and

change of the regulations includes a public hearing, of which at least 15 days notice is to be given in a paper of general circulation, and reference of all proposed changes and amendments to the Planning Commission for report and recommendation.

It is undisputed that the Commissioners gave the requisite notice of their intention to amend the zoning regulations by the deletion of Section 8 and that a public hearing was held. The letter from the Planning Commission of November 12 shows that both their recommendations and the report of the technical staff were considered by the Board, which is all the zoning regulations require.

While Section 8 of the regulations, dealing with the permitted uses in the R-A-2 District, was deleted without eliminating the establishment of such districts in Section 2, the intent and effect of the Commissioners' action is clear. If no use of an established district is permitted, the retention of the district in the regulations gives no rights to the owners of properties to erect the high-rise apartments which the repealed section envisaged. The retention of the classification permits the promulgation of other or modified uses at some future time, if and when the Commissioners find such action advisable.

## IV

The bills of complaint set forth other allegations to support the contention that the Board's action is arbitrary, invalid and unconstitutional. Some of these allegations are only general conclusions of law, the truth of which, of course, is not admitted by the Board's demurrer. *Martin G. Imbach, Inc. v. Deegan, supra,* at 123.

The appellants contend that the demurrer admits the truth of the allegation in the bill of the Mandels that the deletion of the regulation was an attempted contravention of the restraining order of the lower court in the appeal from the Board's order denying the Mandel's application. We have held that the restraining order did not apply to the Board in its legislative capacity. We have also held that the Board's legislative action in repealing the regulation had the effect of eliminating the inchoate rights of the Mandels to use their property for high-rise apartments, despite the pending litigation. In demurring to the

allegation, the Board only admitted that these legal consequences would follow from its action, not that the action was improper. The effect of the action was not limited to the property of the appellants.

The appellants alleged that the Board's action was illegal because it was not in accord with recommendations of the Planning Commission. That circumstance, of itself, does not invalidate the Board's action. *Trustees v. Baltimore County*, 221 Md. 550, 562, 158 A. 2d 637 (1960).

Comprehensive rezoning is entitled to the same presumption of correctness as is original zoning. *Town of Somerset v. County*, 229 Md. 42, 47-48, 181 A. 2d 671 (1962) and cases therein cited. The Board's action deleted the provision for high-rise apartments throughout the entire county. The report of the technical staff, approved by the Planning Commission, favored the retention of provisions for elevator apartments, as part of the diversified housing envisaged by the adopted General Plan. The Board, in the opinion which was part of its order, made it clear its action did not mean there would be no provision for high-rise apartments in the future. It pointed out that, while there were at least 400 acres of land in the county zoned R-A-1, which permits garden-type apartments, since 1961, no apartment units had been built. The Board was of the opinion that the distinction between garden-type and high-rise apartments is one that need not be made by placing each type of apartment structure in a separate zoning classification, and stated it would shortly consider a proposal to include high-rise apartments within the R-A-1 zone. The differences between the Board and the Planning Commission go to timing and the amount of land zoned for apartments of both types on a county-wide basis, in the light of the existing facts, rather than to the rezoning of a particular piece of land, such as was before us in *Board v. Oak Hill Farms*, 232 Md. 274, 192 A. 2d 761 (1963). Under these circumstances, the bald allegation in the bill that the Board did not follow the Planning Commission's and Staff's recommendations is not sufficient to overcome the presumption of correctness of the Board's decision.

The appellants allege that the elimination of Section 8 was made without reference to the purposes set forth in Sections

1 and 2 of the zoning regulations. In addition to the Board's statement that, although there are at least 400 acres zoned for the garden-type of apartments, no units have been built on any of these sites, there is the further statement that the Board believes the amount of apartment zoning without Section 8 is more than sufficient to meet the County's need for the present and immediate future. This statement is an implied finding that, in the original zoning, too much land was set aside for apartment development, and that this is inconsistent with the basic zoning purposes, to prevent overcrowding of land and buildings and to avoid undue concentration of population. See *Rohde v. County Board,* 234 Md. 259, 199 A. 2d 216 (1964). These findings of the Board have not been contravened by any specific allegations in the bills of complaint.

In support of their contention that the Board's action was illegal and arbitrary, the appellants point to the reference in the Board's opinion to a study and report made for the Board by two lawyers, one of whom had been of counsel in the pending litigation in respect of the Board's decisions on the appellants' zoning applications. The statutory grant of authority to the County Commissioners requires them to consider the report of the Planning Commission, which its opinion shows it did. There is no other restriction as to the scope or nature of other studies or reports which may be authorized. It is not for the courts to restrict the manner in which a legislative body may conduct its deliberations or the materials which it may use.

The factual allegations of the bills are insufficient to show the Board's action in changing the zoning regulations was capricious, arbitrary or illegal. The court below was correct in sustaining the demurrer.

*Order affirmed; costs to be paid by the appellants.*