ARK READI-MIX CONCRETE CORPORATION
*v.* SMITH, ET AL.

[No. 280, September Term, 1968.]

*Decided October 7, 1968.*

2

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Joseph K. Pokorny* with whom were *Samuel Kimmel* and *Kimmel & Pokorny* on the brief, for appellant.

*M. Michael Maslan,* with whom was *Jerome W. Taylor* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This is an appeal by one of the defendants, Ark Readi-Mix Concrete Corporation (Ark) from an order of the Circuit Court for Baltimore County, dated July 20, 1967. The chancellor, Judge John E. Raine, Jr., ordered that the Northeastern Planning Area Comprehensive Land Use Map (map) adopted by the Baltimore County Council on August 1, 1966, be declared null and void with respect to that portion concerning Ark's property and that the Council instruct the Planning and Zoning Department and its director to change that part of the map concerning Ark's property from M. L. (Manufacturing, Light) to the previous zoning of R. 6 (Residence, One and Two-Family).

The property involved consists of a two and one-half acre tract, part of which has been operated as a sand and gravel plant under a non-conforming use since 1952. Also, for many years prior to 1945 when the original zoning was established, the property had been used for sand and gravel operations. On July 31, 1963, Ark filed a petition with the Zoning Commissioner of Baltimore County to have the property zoned from

R. 6 to M. L. After the Zoning Commissioner denied this request, the case came before the Baltimore County Board of Appeals on April 15, 1965, and May 18, 1965. This Board, after hearing extensive testimony, overruled the Zoning Commissioner and granted the M. L. zoning. Protestants, who are the appellees in this case, appealed the Board of Appeals' decision to the Circuit Court for Baltimore County on November 8, 1965. The case was heard by Judge Walter M. Jenifer, who affirmed the Board's decision in a comprehensive and lucid opinion dated July 28, 1966.

Meanwhile, the Zoning Commissioner of Baltimore County and the Planning Board had been reviewing and updating planning maps for the county. The map concerned with the area in question is the Northeastern Planning Map. This map, which covered the 14th and portions of the 9th, 11th and 15th Election Districts, was offered for public hearings but there was no discussion covering the change in zoning from R. 6 to M. L. with reference to Ark's property. After these hearings, the map was then proposed to the Baltimore County Council for its consideration and adoption on August 1, 1966. However, on July 28, 1966, Judge Jenifer issued copies of his opinion and order to the Zoning Commissioner and the Planning Board of Baltimore County. His findings were reported to the County Council by George Gavrelis, the Director of Planning and Zoning of Baltimore County, on August 1, 1966. Mr. Gavrelis advised the County Council that although he personally did not approve of M. L. zoning in the particular area, in order to protect the map so that this would not beget other changes and bowing to the opinion of others, he recommended that the County Council change the land in question from R. 6 to M. L. The Council, having previously visited the area, and after deliberations, adopted the map, which included the property here involved in the M. L. zone.

On August 26, 1966, the protestants appealed Judge Jenifer's decision to this Court, and four days later they filed a bill of complaint in the Circuit Court for Baltimore County asking that the Council and the Department of Planning and Zoning be enjoined from adopting the portion of the map showing M. L. zoning granted to Ark. An amended bill making Ark a party

to the suit was filed on January 12, 1967. After the case was heard on April 24, 1967, Judge Raine declared that the map was null and void with respect to Ark's property. Appellees dismissed their appeal from Judge Jenifer's opinion and order granting the piecemeal rezoning as being moot, since Judge Raine's order requiring the map amendment removed the property involved from the M. L. classification and restored its R. 6 zoning. Ark has appealed from Judge Raine's order.

Zoning is a legislative function, and when reviewing the acts of the zoning authorities, the duty of the courts is to decide whether such action was arbitrary, discriminatory or illegal. *Trustees v. Baltimore County,* 221 Md. 550, 158 A. 2d 637; *Mont. Co. Council v. Scrimgeour,* 221 Md. 306, 127 A. 2d 528; *Kroen v. Board of Zoning Appeals,* 209 Md. 420, 121 A. 2d 181. A court cannot substitute its judgment for that of the zoning authorities if their decision is supported by substantial evidence and the issue before them is fairly debatable. *Bosley v. Hospital,* 246 Md. 197, 227 A. 2d 746; *Missouri Realty, Inc. v. Ramer,* 216 Md. 442, 140 A. 2d 655; *Offutt v. Bd. of Zoning Appeals,* 204 Md. 551, 105 A. 2d 219. When a comprehensive map designed to cover a substantial area is adopted, it is entitled to the same presumption of correctness as an original zoning. *Mandel v. Bd. of County Comm'rs,* 238 Md. 208, 208 A. 2d 710; *Town of Somerset v. County,* 229 Md. 42, 181 A. 2d 671; *McBee v. Baltimore County,* 221 Md. 312, 157 A. 2d 258. Thus, persons attacking the correctness of the map's classifications have a heavy burden of overcoming the presumption of their validity. This burden is heavier in the case of comprehensive zoning than in the case of piecemeal reclassification. *Reese v. Mandel,* 224 Md. 121, 167 A. 2d 111; *Baltimore v. N.A.A.-C.P.,* 221 Md. 329, 157 A. 2d 433.

The lower court concluded that the action of the Baltimore County Council was legally arbitrary and unreasonable. The chancellor found that there was insufficient basis for the legislative action and stated that the M. L. classification of the Ark tract was invalid spot zoning, citing *Hewitt v. Baltimore County,* 220 Md. 48, 151 A. 2d 144, as controlling. We disagree with the lower court's determination and reverse its order.

We conclude that the instant case is distinguishable from *Hewitt*. In that case the protestants attacked the granting of a commercial classification (Business, Local) for a parcel of land in an otherwise exclusively residential area. The planning board had submitted to the zoning commissioner a map which recommended residential zoning for an entire area fifteen to twenty square miles west of the Baltimore-Harrisburg Expressway. The zoning commissioner agreed with the planning board. Thereafter, at a public hearing of the Baltimore County Commissioners, owners of the subject property asked that they be granted a non-residential use. However, they introduced no evidence in support of their request. The Commissioners approved the commercial zoning although no reasons were given for this exception other than meeting the possible need of transients. This Court held that the expressway formed a barrier between the properties to the east, and west; and that it was the logical line of demarcation between business and residential uses.

In the instant case, there is no such "logical line of demarcation" between residential and business uses since the area around the Ark tract has been used for non-residential purposes. Part of the Ark property has been used as a sand and gravel plant under a non-conforming use since 1952. Judge Jenifer noted in his opinion that Frederick Klaus, a real estate expert, testified before the Zoning Board of Appeals that the subject property "is definitely in the midst of a predominantly sand and gravel area." Judge Jenifer also pointed out that Mr. Klaus stated that in his opinion there had been an error in the original land use map of 1945 which classified the property as residential; that the cost of restoring the land to its natural condition "would be absolutely prohibitive;" that the necessary utilities for the development of the R. 6 classification do not exist; that the highest and best use of the land would be manufacturing; and that reclassification would not be detrimental to the neighborhood, but beneficial.

In addition to Judge Jenifer's opinion, which affirmed the County Board of Zoning Appeals granting the M. L. classification for the property, Mr. M. Jay Brodie, one of the protestant's witnesses, testified on recross-examination before Judge

6

Raine that the contour of Ark's land drops off approximately twenty to twenty-five feet at one point, and that the property is not conducive to residential use in its present shape. Although he did not personally approve of the M. L. classification, Mr. Gavrelis, the Director of Planning and Zoning, did recommend that such zoning be granted, bowing to the judgment of others in order to protect the integrity of the map. By judgment of others, he meant the County Board of Zoning Appeals which had heard extensive testimony in the case, and Judge Jenifer's clear decision based upon a review of the evidence, which presented the issue as fairly debatable. Judge Jenifer's opinion established the law of the case in regard to the M. L. zoning of the Ark tract. In fact, both Mr. Gavrelis and the Baltimore County Council accepted it as such. Finally, the Council had made a personal inspection of the property on February 22, 1966, before adopting the comprehensive map. Accordingly, we hold that the Council had sufficient information upon which to exercise its plenary legislative powers, and that its action in changing the Ark tract from R. 6 to M. L. was not arbitrary, discriminatory or illegal.

> *Order reversed and the action of the County Council in approving the M. L. zoning reinstated. Costs to be paid by appellees.*