SCULL, ET AL. *v.* COLEMAN, ET AL.

[No. 348, September Term, 1967.]

*Decided October 7, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Paul A. McGuckian, Assistant County Attorney,* with whom were *David L. Cahoon, County Attorney* and *Charles G. Dalrymple, Assistant County Attorney,* on the brief, for appellants.

*Joe M. Kyle,* with whom were *Heise, Kyle* and *Jorgensen* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

On April 18, 1967, the Montgomery County Council, sitting as the District Council for that portion of the Maryland-Washington Regional District located in Montgomery County, adopted resolution No. 6-380 granting the rezoning requested in zoning application No. E-955. An appeal from this action was taken to the Circuit Court for Montgomery County by the appellees here, and on September 21, 1967, Judge James H. Pugh of that court issued an opinion and order reversing the District Council's action, from which the District Council has appealed.

On September 21, 1966, the Maryland-National Capital Park and Planning Commission (Planning Commission) adopted a Master Plan for Kemp Mill-Four Corners and vicinity of Montgomery County. The area covered by the plan consisted of 4,263 acres in southeastern Montgomery County, of which approximately eighty-nine per cent was developed at the time of the adoption. The Planning Commission filed zoning application No. E-955, a sectional map amendment, with the District Council on December 2, 1966, for the purpose of rezoning all of the land within the planning area to conform with the Master Plan's recommended classifications. This application proposed to rezone approximately 128 acres, including the appellees' 3.5 acres which is located at the southwesterly side of University Boulevard near the intersection of Arcola Avenue in Wheaton, Maryland, from C-1 (Local Commercial) to the R-60 (One-Family, Detached Residential) zone. Appellee, Randolph Hills, Inc., is the owner of the subject property, and appellee Tracy C. Coleman, is the contract purchaser.

Appellees' property is an undeveloped tract which fronts for 700 feet on University Boulevard, a six-lane divided state highway, and is surrounded on the west, south, and southeast by land zoned R-60. It has been the subject of a previous zoning application, No. E-630, which has some importance in the instant case. On April 12, 1966, the District Council, then in of-

fice, reclassified the subject tract from R-60 to C-1. However, at that time the Council had in effect an expressed moratorium on zoning applications in areas for which master plans were pending. When it realized that it had inadvertently violated its moratorium, the Council voted to reconsider its action. No further steps were taken until November 10, 1966, when the Council affirmed the granting of the C-1 zoning. Although the master plan had been adopted by the Council by this time, it was not made a part of the record of application No. E-630. On December 6, 1966, the newly elected Council voted to reconsider the granting of this C-1 classification, but the appellees here brought suit and were successful in having this last reconsideration declared invalid by Judge Robert E. Clapp, Jr. on January 26, 1967.

Returning to zoning application No. E-955, which is the center of this dispute, the Council conducted a public hearing and received testimony on February 27, 1967, concerning its merits. The District Council adopted resolution No. 6-380 granting application No. E-955 which rezoned the appellees' property from C-1 to R-60 on April 18, 1967. After Judge Pugh reversed the Council's action in regard to the subject property, the Council brought this appeal.

In the case of *Ark Readi-Mix Concrete Corporation v. Smith, et al.,* 251 Md. 1, 246 A. 2d 220, this Court noted the narrow and restrictive scope of judicial review in zoning cases :

> "Zoning is a legislative function, and when reviewing the acts of the zoning authorities, the duty of the courts is to decide whether such action was arbitrary, discriminatory or illegal. *Trustees v. Baltimore County,* 221 Md. 550, 158 A. 2d 637; *Mont. Co. Council v. Scrimgeour,* 211 Md. 306, 127 A. 2d 528; *Kroen v. Board of Zoning Appeals,* 209 Md. 420, 121 A. 2d 181. A court cannot substitute its judgment for that of the zoning authorities if their decision is supported by substantial evidence and the issue before them is fairly debatable. *Bosley v. Hospital,* 246 Md. 197, 227 A. 2d 746; *Missouri Realty, Inc. v. Ramer,* 216 Md.

442, 140 A. 2d 655; *Offutt v. Bd. of Zoning Appeals*, 204 Md. 551, 105 A. 2d 219. When a comprehensive map designed to cover a substantial area is adopted, it is entitled to the same presumption of correctness as an original zoning. *Mandel v. Bd. of County Comm'rs*, 238 Md. 208, 208 A. 2d 710; *Town of Somerset v. County*, 229 Md. 42, 181 A. 2d 671; *McBee v. Baltimore County*, 221 Md. 312, 157 A. 2d 258. Thus, persons attacking the correctness of the map's classifications have a heavy burden of overcoming the presumption of their validity. This burden is heavier in the case of comprehensive zoning than in the case of piecemeal reclassification. *Reese v. Mandel*, 224 Md. 121, 167 A. 2d 111; *Baltimore v. N.A.A.C.P.*, 221 Md. 329, 157 A. 2d 433."

The appellees contend that the zoning action involved in this case cannot be regarded as comprehensive and that it was the result of a mere change of mind by the council. Only 128.21 acres out of a total area of 4,263 acres were considered for reclassification, and appellees urge that the Council acted on twenty-eight individual zoning cases simultaneously under the guise of a sectional map amendment. In addition, they argue that there had been no change in the neighborhood in the five months which elapsed between the time of the rezoning of the property to C-1 and the time of the claimed comprehensive zoning. The lower court recognized that resolution No. 6-380 was rezoning under a comprehensive plan, but agreed with the appellees that there were insufficient changes in the neighborhood to justify a zoning change even by means of a comprehensive plan. In reaching his decision, Judge Pugh relied upon the case of *Kay Const. Co. v. County Council*, 227 Md. 479, 177 A. 2d 694.

We hold that resolution No. 6-380 of the Montgomery County Council granting the rezoning requested in zoning application No. E-955 was comprehensive in nature. The purpose of No. E-955, a sectional map amendment, was to rezone all of the land within the planning area boundaries to conform with the recommendations of the Kemp Mill-Four Corners Master Plan. While appellees are correct in saying that only 128.21 acres out of 4,263 acres were considered for reclassification, it is

equally true that the area of the Master Plan is already eighty-nine per cent developed. Wholesale changes in existing zoning are not to be anticipated, but achieving an adjusted and coordinated development of the area might require selective revision. The fact that few changes were made does not affect the comprehensive nature of the plan; otherwise it would be difficult to have such a plan in a developed area. The plan covers a substantial area; it was approved by the technical staff and the Planning Board of the Park and Planning Commission; and it was given careful consideration and adopted after extensive study.

We further find that resolution No. 6-380 was not the result of a "change of mind." The Master Plan was not part of the record in zoning application No. E-630 when the property was originally rezoned C-1. However, it was part of the record of resolution No. 6-380, and it provides a sufficient basis for the Council's decision to adopt the comprehensive plan. The Master Plan had as its purpose and principle the exercise of major influence over future extent and character of existing commercial areas; future commercial renewal and location of new facilities; future role of lands abutting University Boulevard; future use of vacant tracts throughout the planning area; future location of community facilities; future traffic circulation throughout the planning area; and the future stability of residential and non-residential uses. Another stated purpose was to avoid strip commercial use along University Boulevard. With the exception of one of these factors—future location of community facilities—they all have a direct bearing on this case. Application No. E-955 rezoned the subject tract from C-1 to R-60, and granted a C-1 zone for property located one-half mile away at the intersection of Arcola Avenue and Lamberton Drive. This revision implemented the Master Plan in the following ways: by locating a new commercial area; by removing strip commercial from University Boulevard; by determining the use of vacant tracts; by removing potential traffic circulation problems from University Boulevard; and by stabilizing an existing residential neighborhood.

Both the appellees and Judge Pugh were mistaken in their belief that some change in the neighborhood must be estab-

12

lished in order to adopt a comprehensive plan. The so-called "change or mistake" rule applicable to piecemeal zoning cases is not controlling in comprehensive zoning cases, and the plan is entitled to the same presumption of correctness as an original zoning. *Trustees v. Baltimore County, McBee v. Baltimore County, both supra; cf. Levitt and Sons v. Board,* 233 Md. 186, 195 A. 2d 723. Likewise, the reliance upon *Kay* is misplaced. That case did not involve comprehensive rezoning. The piece of property was rezoned from R-60 to R-30 by a four to three vote of the Montgomery County Council. One of the councilmen who had voted with the majority for that resolution resigned from the Council. After a new member was named, the Council adopted by a four to three vote a resolution which granted a rehearing, the new member voting for the resolution along with the three members who had approved the rezoning. After the rehearing was held, the Council, by the same four to three vote, adopted a new resolution rescinding the R-30 zoning. The owner of the property appealed urging that the later resolution be set aside. The zoning ordinance of Montgomery County relating to petitions for reconsideration stated that such petition could be granted "for good cause." The narrow issue presented to the Court in *Kay* was whether the reasons relied upon by the Council were sufficient to meet the "good cause" requirement of the ordinance. The instant case does not involve a petition for reconsideration and is not governed by such an ordinance.

In view of our finding that resolution No. 6-380 of the Montgomery County Council constituted comprehensive zoning, and that changes in the neighborhood are not a prerequisite to such zoning, we must reverse the order of the lower court.

*Order reversed and the action of the County Council in rezoning the subject property R-60 reinstated. Costs to be paid by appellees.*