24 Md. App. 383 (1975)
330 A.2d 738
RICHARD VON LUSCH ET UX.
v.
BOARD OF COUNTY COMMISSIONERS OF QUEEN ANNE'S COUNTY ET AL.
No. 463, September Term, 1974.
Court of Special Appeals of Maryland.
Decided January 22, 1975.
The cause was argued before MOYLAN, POWERS, GIBERT and MASON, JJ.
Herbert W. Reichelt, with whom was James F. Vance on the brief, for appellants.
*385 James E. Thompson, Jr., Robert R. Price, Jr., and Franklin Goldstein, with whom was Vachel A. Downes, Jr., on the brief, for appellees.
GILBERT, J., delivered the opinion of the Court.
This case makes its second appearance in the Appellate Courts. The first time that it was present, the Court of Appeals, speaking through Judge Barnes, reversed the Queen Anne's County Circuit Court's approval of a zoning text amendment adopted by the Board of County Commissioners of Queen Anne's County (Board). See von Lusch v. Bd. of Co. Comm'rs, 268 Md. 445, 302 A.2d 4 (1973). The Court, in reversing, found it unnecessary to decide three of the then five issues posed to it by von Lusch. The decision of the Court of Appeals turned on the Board's passing of an ordinance in which both commercial and private, non-commercial, airports were classified as conditional uses notwithstanding the fact that the County Planning Commission had recommended a non-conforming use status for airports, and the public notice required by Md. Ann. Code art. 66B, § 4.04 had referred to non-conforming use.[1]See Rasnake v. Bd. of County Comm'rs, 268 Md. 295, 300 A.2d 651 (1973).
Following the reversal by the Court of Appeals, the Board once again embarked on a course designed to amend the ordinance so as to accomplish the result it seemingly desired. This time the Planning Commission recommended that airports, commercial and private, non-commercial, be classified as a conditional use and the public notice concerning the proposed amendment to the Zoning *386 Ordinance so stated. Von Lusch was not mollified by the Board's compliance with the holding of the Court of Appeals inasmuch as he desired that the use of the Bay Bridge Airport, owned by Kent Island Limited Partnership, should be "grounded". Mr. von Lusch[2] regarded the proposed amendment as "another crude, biased, unethical attempt to pull ... [Bay Bridge Airport's] chestnuts out of the fire." The Board, after making findings of fact, adopted the proposed amendment to the ordinance. In so doing the Board stated:
"We have had the testimony of Mr. and Mrs. von Lusch ... and Mr. Stevenson[3] typed by the reporter and we have read and reread the testimony. It is quite obvious that with the exception of Mr. Stevenson there is no objection to the proposed Ordinance except for that portion thereof which `blankets in', by virtue of what might be termed a `grandfather's clause', the Bay Bridge Airport. Obviously, if there is to be a `grandfather's clause' it must apply to all airports and the Commissioners cannot pick and choose among them. The existing airports have given us considerable concern but this is not the first time that we have faced a similar problem. Because our Comprehensive Ordinance did not adequately treat the relatively new craze of camping and camping trailer parks, this subject was studied by the Planning Commission, a recommendation made, hearing held, and new Ordinance adopted. At that time (because some existing trailer camps were principal permitted uses, some conditional uses, some accessory uses, etc.) the Planning Commission recommended and the County Commissioners *387 adopted an Ordinance which `blanketed in' all camping facilities regardless of their prior status as conditional uses and made all future application, in whatever district in the county, a conditional use to be heard by the Board of Appeals. We feel that the same situation prevails here and that we should be consistent."
Von Lusch appealed to the Circuit Court for Queen Anne's County, and thereafter filed a suggestion for removal. Md. Rule 542. The matter was removed to the Circuit Court for Cecil County where Judge H. Kenneth Mackey affirmed the Board's adoption of the amendment to the Queen Anne's County Comprehensive Zoning Ordinance, thus setting the stage for this appeal.
Von Lusch assigns seven reasons for this appeal. We shall discuss each of the contentions.
I
"The ordinance adopted is ultra vires and void for failure to accord with the statutory zoning purposes."
The appellants in their brief set forth with only slight modification to bring their argument to date, where applicable, the same contention they made in, but which was not considered by, the Court of Appeals in von Lusch primus. The thrust of appellants' argument is that while the amendment to the ordinance is directed, ostensibly toward all commercial and private, non-commercial airports, landing fields and air strips within the county it, in reality, is concerned solely with validating what von Lusch deems to be an existent invalid operation of Bay Bridge Airport. Appellants perceive some devious purpose on the part of the Board in adopting the amendment. The appellants seem to agree, however, that the aim of the ordinance is correct, but argue that the inclusion of Bay Bridge Airport within the scope of the ordinance is wrong.
The County Planning Administration testified before the Board that "aviation, airfields or railroads" simply were not *388 mentioned in the "Master Plan" and when referred to in the Comprehensive Zoning Ordinance of 1964, the references thereto were "vague". The present "Airport amendment" was recommended by the Planning Commission "[i]n order to correct prior omissions, vaguenesses and inadequacy regarding Airports, air fields, and landing strips" in the comprehensive zoning ordinance. There are, according to the Planning Administration, three airfields in Queen Anne's County. The number of private landing strips was not stated.
The amendment assailed in this Court provides:
"BE IT ORDAINED, that Article 17 of the Comprehensive Zoning Ordinance be amended by adding new Sections 17.14, 17.141 and 17.142 to read as follows:
17.14  Airports
In any district an airport, airfield, landing strip, seaplane base or any similarly designed area for the landing or taking off of aircraft, either as a principal use or accessory use, shall be a conditional use and subject to approval of the Board of Appeals, provided that:
a. The area shall be sufficient to meet with Maryland State Aviation Commission and applicable Federal requirements for the class of airport proposed.
b. No application for a commercial airport shall be considered, unless it is accompanied by a plan, drawn to scale, showing the proposed location of the airport, boundary lines, dimensions, names of owners of abutting properties, proposed layout of runways, landing strips or areas, taxi strips, aprons, roads, parking areas, hangars, buildings and other structures and facilities; the location and height of all buildings, structures, trees and overhead wires falling within the airport approach zones and less than five hundred (500) feet distant *389 from the boundary lines of the airport. Other pertinent data such as topography and the grading plan, drainage, water and sewage, etc. may be required if deemed necessary by the Board of Appeals.
c. No application for a private, non-commercial airport shall be considered unless it is accompanied by a plan showing the proposed location of the airport, boundary lines, dimensions, names of owners of abutting properties, proposed layouts of runways, landing strips of areas, taxi strips, aprons, roads, parking areas, hangars, buildings and other structures and facilities; the location and height of all buildings, structures, trees and overhead wires falling within the airport approach zones and less than two hundred (200) feet distant from the boundary lines of the airport.
17.141
Every existing airport, airfield, landing strip, seaplane base or any similarly designed areas for the landing and taking off of aircraft whether the same be private, commercial or non-commercial existing as of the date of enactment of this amendment shall be deemed a conditional use as of that date but the same shall not be extended or enlarged by complying with the procedures set forth in Section 17.14. Provided further, however, that any existing commercial airport shall comply with that portion of Section 17.14 which requires a plan drawn to scale; said plan to be provided to both the Board of Appeals and the Planning Commission within six (6) months of the date of enactment of this amendment.
17.142
The enactment of Section 17.14, 17.141 and this Section shall supersede all other regulations regarding airports, airfields, landing strips, and the like set forth in this Ordinance whether as an accessory or principal use."
*390 The law of this State is well settled that the same presumption of correctness attaches to a comprehensive zoning amendment as attaches to a comprehensive zoning plan and the "change-mistake rule" is not applicable thereto. Scull v. Coleman, 251 Md. 6, 246 A.2d 223 (1968); Roberts v. Grant, 20 Md. App. 247, 315 A.2d 103 (1974), cert. denied, Court of Appeals, May 17, 1974.
There was substantial evidence before the Board to the effect that the original comprehensive zoning plan, with respect to airports, airfields and landing strips, was vague and inadequate. In the light of such evidence we cannot say that the Board, in amending the original comprehensive zoning ordinance, acted in a "clearly arbitrary, unreasonable and discriminatory manner." Cassel v. City of Baltimore, 195 Md. 348, 73 A.2d 486 (1950). Even though the appellants presented testimony to refute the desirability of the Bay Bridge Airport, the evidence, considered as a whole, was fairly debatable. Under such circumstances the Courts are not free to substitute their judgment for that of the zoning authorities. Scull v. Coleman, supra; Bosley v. Hospital, 246 Md. 197, 227 A.2d 746 (1967); Missouri Realty, Inc. v. Ramer, 216 Md. 442, 140 A.2d 655 (1958); Largo Civic Ass'n v. Pr. Geo's Co., 21 Md. App. 76, 318 A.2d 834 (1974).
II
"The ordinance is void for failure to make requisite findings in compliance with Art. 66B Sec. 4.05 (a)."
Appellants' argument in support of the second contention is difficult to comprehend. They assert that the Board of County Commissioners' adoption of the amendment divested the County Board of Appeals (Zoning Board) of its authority to consider the conditional use of airports, airfields and landing strips on a case by case basis. Appellants say that because the Board's approval of the zoning ordinance amendment blanketed in all airports, airfields and landing strips there is nothing for the Zoning Board to do with respect to airports, airfields and landing strips. The *391 objective of the amendment to the ordinance was to set forth a standard by which the Zoning Board would be guided in determining the establishment of "airports, airfields, landing strips, seaplane bases or any similarly designated area for the landing or taking off of aircraft, either as a public use or accessory use." Furthermore, even the existing commercial airports are required to submit a plan to the Zoning Board within six months from the effective date of the amendment.
Because the 1964 comprehensive zoning law was vague and inconclusive with respect to airports, airfields and landing strips, the Board was of the opinion that a better standard for the regulation of airports and landing fields was desirous. The Board found:
"Based on the testimony given at the prior hearing, the recommendation of the Planning Commission, and the testimony and the Exhibits produced at this hearing, the County Commissioners find as a fact that adequate consideration concerning aviation, and in particular airports, airfields, landing strips, etc., was not given in either the Master Plan or the Comprehensive Zoning Ordinance. That airports are both desirable and necessary. That the proposed Ordinance is in keeping with the Comprehensive Plan and will not adversely affect the public health, safety, morals, or general welfare but on the contrary will promote the same by having the Appeals Board consider each request on an individual basis and by using the guide lines suggested will protect both the general public and the adjoining properties."
Appellants argue that the Board's findings do not comply with Md. Ann. Code art. 66B, § 4.05 (a). That section mandates that:
"... Where the purpose and effect of the proposed amendment is to change the zoning *392 classification, the local legislative body shall make findings of fact in each specific case including, but not limited to, the following matters; population change, availability of public facilities, present and future transportation patterns, compatability with existing and proposed development for the area, the recommendation of the planning commission, and the relationship of such proposed amendment to the jurisdiction's plan; and may grant the amendment based upon a finding that there was a substantial change in the character of the neighborhood where the property is located or that there was a mistake in the existing zoning classification." (Emphasis supplied).
We think the Board's findings comply with Md. Ann. Code art. 66B, § 4.05 (a). Moreover, § 4.05 (a) appears to be aimed at the so-called "change-mistake rule" and thus directed toward an individual application for reclassification of a particular property, Hardesty v. Dunphy, 259 Md. 718, 271 A.2d 152 (1970), as distinguished from the creation of an entirely new countywide conditional use classification.
III
"The ordinance is void because the findings made do not support the action taken and are not based upon substantial evidence."
The evidence, before the Board, presented by both the proponents and opponents of the proposed zoning ordinance amendment, was substantial and fairly debatable. When the evidence is substantial and fairly debatable the action of the Board is neither arbitrary nor capricious. We think the findings of the Board are supported by the record, and thus it is not for the courts to substitute their judgment for that of the Board even if we disagreed with the Board's conclusion on the evidence. Pallace v. Inner City Land Co., 239 Md. 549, 212 A.2d 262 (1965); Alvey v. Michaels, 231 Md. 22, 188 A.2d 293 (1963); Temmink v. Bd. of Zon. Appeals, 212 Md. 6, 128 A.2d 256 (1957); Robertson v. Board of Appeals, 210 Md. 190, 122 A.2d 751 (1956).

*393 IV
"The ordinance is void because a year had not elapsed since the previous denial of the rezoning."
We think this argument is devoid of merit. Appellants rely upon Md. Ann. Code art. 66B, § 4.05 (b) which proscribes "an application for reclassification" where a prior application has been "opposed or denied" within twelve months from the date of the decision in the prior application. What appellants overlook is that in the instant case there was no "application for reclassification" either in the case now before us or in von Lusch primus. The action taken by the Board was based on a recommendation from the County Planning Commission which originated either with the Commission's desire to correct the vagueness found in the original comprehensive zoning ordinance or as a result of the Board's own initiative. Although the appellants see the specter of the Bay Bridge Airport behind the Planning Commission's recommendation, the record simply does not justify that conclusion.
V
"The ordinance is void for failure to give due public notice in compliance with Article 66B, §§ 4.05 and 4.06(c)."
This contention of appellants is grounded upon the fact that the proposed zoning ordinance, as quoted above, was advertised as creating new sections 17.13 through 17.132 when, in fact, it created 17.14 through 17.142. The law is clear that when there is a substantial difference between what is advertised as the proposed ordinance and the ultimate zoning text amendment, the local legislative body must re-advertise the new and substantially different proposed ordinance, and have a hearing thereon. Rasnake v. Bd. of Co. Comm'rs supra; von Lusch v. Bd. of Co. Comm'rs., supra. The question of the propriety of the public notice was not presented to Judge Mackey and is, therefore, not properly before us. Md. Rule 1085. If, however, it were before us, we would have no hesitancy, under the *394 circumstances of this case, in holding that the mere discrepancy in the numbering of the particular sections of Article 17 of the Comprehensive Zoning Code of Queen Anne's County, proposed for amendment was not substantial and hence the ruling of Rasnake v. Bd. of Co. Commr's, supra and von Lusch primus would not be applicable.
VI
"The ordinance is void because the Board of County Commissioners is not authorized to grant a conditional use."
Appellants' sixth contention is but an offshoot of their second argument as presented to this Court. That the Board has by its Comprehensive Zoning Ordinance of 1964 conferred upon the Zoning Board the right to grant special exceptions, does not deprive the Board of its legislative powers to amend the zoning ordinance so as to create a new category of conditional uses over which the Zoning Board may then exercise control. We find no merit in the appellants' contention.
VII
"Ancillary relief in the form of mandamus and injunction is appropriate in this case."
This contention, while presented to the hearing court in the appellants' pleadings, does not appear to have been decided by the court. Appellants, as part of their appeal to the Circuit Court, sought to have the operation of the Bay Bridge Airport enjoined until the property was properly reclassified. Appellants simultaneously endeavored to have the Board, by writ of mandamus, required to enforce the zoning law without regard to the amendment. The hearing judge's affirmation of the action of the Board in adopting the amendment, mooted the injunction request as well as the prayer for mandamus.
Judgment affirmed.
Costs to be paid by appellants.
NOTES
[1] The Board amended the proposed ordinance so as to substitute the term conditional use for that of non-conforming use. The change is, as Judge Barnes observed, substantial. Non-conforming uses, under the Queen Anne's County Zoning Ordinance, must be phased out within a two to five year period, subject to certain special exceptions. The placing of airports within the aura of a conditional use conferred "a special exception status [to airports] thereby making them a permitted conforming use not subject to phasing out or the other restrictions applicable to ... non-conforming use status...."
[2] Both Mr. and Mrs. von Lusch appealed to this Court. In this opinion whenever we refer to "von Lusch" we mean both husband and wife unless we have prefaced the reference by the masculine or feminine title of respect.
[3] Mr. Stevenson is not a party to this appeal.