DAL MASO *v.* BOARD OF COUNTY COMMIS-
SIONERS FOR PRINCE GEORGE'S
COUNTY ET AL.

[No. 272, September Term, 1971.]

*Decided March 8, 1972.*

The cause was argued before HAMMOND, C. J., and
BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Melvin G. Bergman,* with whom were *Salvatore A.
Daniello* and *Borelli, Daniello & Bergman* on the brief,
for appellant.

*Barry S. Cramp, Associate County Attorney,* with
whom was *Walter H. Maloney, Jr., County Attorney,* on

the brief, for Prince George's County, Maryland, part of appellees. *George W. Shaffer,* with whom were *Daniel R. Thompson* and *Carr, Bonner, O'Connell, Kaplan, Thompson & Diuguid* on the brief, for City of New Carrollton and New Carrollton Civic Association, part of appellees. Submitted on brief by *Frank M. Kratovil* and *Daniel D. McFarland* for Kingswood Civic Association, Inc. et al., other appellees.

BARNES, J., delivered the opinion of the Court.

In this zoning appeal the ultimate question for decision is whether the Circuit Court for Prince George's County (DeBlasis, J.) erred in passing an order on July 13, 1971, affirming the action of the Board of County Commissioners for Prince George's County, sitting as the District Council (District Council), denying the rezoning application of the appellant, Joseph L. Dal Maso, to rezone 45.5607 ± acres of land having frontages on the south side of Good Luck Road and the west side of the Baltimore-Washington Parkway, located in the 19th Election District of Prince George's County and sometimes known as the Dal Maso Tract (the subject property).

On October 7, 1968, the appellant, Dal Maso, filed his application with the District Council to rezone the subject property from the existing R-R (Rural Residential) zone to the R-10 zone (Multiple-Family, Medium Density Residential at the time of the initial application).[1] The Prince George's County Planning Board on June 18, 1969, recommended denial of the requested zoning, but recommended to the District Council that approximately 29 acres of the subject property be rezoned to the R-H zone (Multiple-Family, High Rise Residential), with a

---

1. The District Council on February 28, 1964, had declined to grant a rezoning of the subject property to the R-10 zone. This decision by the District Council was affirmed, on appeal, by the circuit court and that court's order was later affirmed by us in Dal Maso v. Board of County Commissioners for Prince George's County, 238 Md. 333, 209 A. 2d 62 (1965).

restriction that the number of dwelling units be limited to three hundred. The Technical Staff on August 2, 1968, had recommended that the R-10 zoning be denied but that about 15 acres of the subject property (that portion south of the senior high school and east of the proposed primary school) be rezoned to the R-T zone (Town House), and that the balance of the property be zoned R-80 (One-Family, Detached Residential).

Hearings were held on the application on March 21, June 20 and August 20, 1969, at which testimony was taken both in support of, and in opposition to, the granting of the application. The District Council on December 16, 1969, unanimously adopted a Resolution denying the application for the R-10 rezoning, but approving R-H zoning for approximately 27.61 acres of the subject property and set out certain findings of fact and conclusions of law. Three appeals were duly noted from this decision of the District Council. One of these appeals (Law No. 43,312) was dismissed by the circuit court (Robert B. Mathias, J.) on the ground that the appellant in that case, the City of New Carrollton, was not an aggrieved party. An appeal to this Court was taken from this decision but was subsequently voluntarily dismissed by the City of New Carrollton.

In the remaining two appeals (Law Nos. 43,323 and 43,325), counsel for the District Council filed motions to remand the cases to the District Council on the ground that the written findings of fact and conclusions of law did not comply with the requirements set forth by us for such findings and conclusions under the Prince George's County Zoning Ordinance in *Montgomery v. Board of County Commissioners for Prince George's County*, 256 Md. 597, 261 A. 2d 447 (1970). Counsel for Dal Maso was not notified of the filing of the motion. The circuit court remanded the cases to the District Council "for the purpose of a new hearing. The parties to this hearing may adopt any of the earlier testimony or may introduce new testimony, and the District Council may adopt new written findings and conclusions."

The new hearings on the application were held on September 18, 29 and 30, 1970. Two of the three Commissioners who had sat in the original hearings sat in the new hearing, together with one Commissioner who had not sat in the original hearings. Numerous witnesses on both sides gave testimony, which ran to 438 pages of transcript. The major opposition was to the increase in the traffic the rezoning would engender.

On October 30, 1970, the District Council unanimously denied the application, finding the school had created traffic problems which militated against the application, and that the applicant had failed to show any substantial change within the neighborhood which would change its character.

The circuit court affirmed this action of the District Council and from this action the applicant has duly appealed to us.

The applicant has made a number of contentions before us, including the impropriety of the granting of the remand, a misunderstanding or misapplication of our decision in *Montgomery,* the lack of aggrievement of the parties who originally appealed to the circuit court, and that the decision of the District Council on remand was arbitrary and capricious as an impermissible change of mind and a yielding to a plebiscite of the neighbors. These are interesting contentions; but we have concluded that we do not need to decide them inasmuch as we have held that a zoning case must be decided upon the law applicable at the time the case is before us, in the absence of intervening vested rights, *Springloch Area Citizens Group v. Montgomery County Board of Appeals,* 252 Md. 717, 251 A. 2d 357 (1969).

There is no suggestion that vested rights have intervened in the present case, and the record indicates the contrary. Subsequent to the decision of the circuit court, the Charter of Prince George's County has become effective which abolishes floating zones. See *Prince George's County Council v. Prestwick,* 263 Md. 217, 230,

Footnote 1, 282 A. 2d 491, 497 (1971). Prior to the effective date of the Charter, we had held that the R-H zone in Prince George's County was a floating zone. *Kramer v. Board of County Commissioners for Prince George's County,* 248 Md. 27, 234 A. 2d 589 (1967). Hence, the only rezoning granted at any time by the District Council, *i.e.,* the R-H zone, has now been abolished by the Charter so that this action is entirely ineffective under the presently applicable law without regard to the other questions raised and argued by the appellant, Dal Maso. Accordingly, the order of the circuit court will be affirmed for this reason.

We might also observe that one of the conditions precedent to the granting of an application of the floating R-H zone was the filing of a "plan of development" with the application and a subsequent submission of a site plan by the Department of Licenses and Permits. Since the applicant had filed an application for rezoning to the R-10 zone and the record does not indicate that a new or amended application for the R-H zone, with a plan of development, was filed, R-H rezoning could not have lawfully been granted by the District Council after the original hearings, in any event. See the *Prince George's County Zoning Ordinance,* §§ 17A. 71 and 17A. 72 and *Beall v. Montgomery County,* 240 Md. 77, 82-3, 212 A. 2d 751, 754 (1965).

*Order affirmed, the appellant
to pay the costs.*