F & B DEVELOPMENT CORPORATION ET AL. *v.* COUNTY COUNCIL FOR MONTGOMERY COUNTY ET AL.

[No. 943, September Term, 1973.]

*Decided August 14, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and MENCHINE, JJ.

*John J. Delaney*, with whom were *Linowes & Blocher* on the brief, for appellants.

*Suzanne Levin, Assistant County Attorney*, with whom were *Richard S. McKernon, County Attorney for Montgomery County, Alfred H. Carter, Deputy County Attorney, Stephen P. Johnson* and *John B. Walsh, Jr., Assistant County Attorneys for Montgomery County*, on the brief, for appellees.

MENCHINE, J., delivered the opinion of the Court.

F & B Development Corporation and Spruell Development Corporation (appellants) applied for the rezoning of two tracts of land totaling approximately 7 acres of land fronting on Connecticut Avenue in Kensington, Montgomery County, Maryland. The appellants sought reclassification of the parcels from the R-60 (single-family detached residential) to the R-T zone (town house).

The hearing examiner recommended denial of the requested reclassifications. The County Council of Montgomery County, sitting as a District Council, adopting his recommendation, by resolution denied the requested

reclassifications. The Circuit Court for Montgomery County on appeal affirmed the denial. We have concluded that the cause must be remanded to the hearing examiner without reversal or affirmance for further consideration.

When the hearing examiner recommended and the County Council denied the requested reclassifications, the zoning ordinance relating to the R-T zone contained a specific purpose section reading as follows:

"Section 111-12: title 'R-T Zone, Town Houses.'

Purpose — The purpose of the R-T zone is to provide suitable sites for Townhouses: (a) in sections of the County that are designated or appropriate for multiple-family residential development at densities of 12.5 units or more per acre; *and* (b) in locations in the County where there is a need for buffer or transitional uses between commercial, industrial, or high density apartment uses and low density single-family uses." (Italics supplied.)

The opinion of the hearing examiner discussed three areas deemed by him to be important to his decision as to the propriety of a grant of the requested rezoning, namely: "I. Compatibility; II. The Comprehensive Zoning Plan; and III. The Public Interest." (All headings are those of the hearing examiner.) The meaning and effect of the quoted specific purpose section of the zoning ordinance attributed by the hearing examiner under his interpretation thereof was interwoven in his discussion of two of the areas of consideration he had deemed of importance. This will be demonstrated by excerpts from his comments under hearing examiner's headings No. I. and No. III.

## I. *Compatibility*

Under this heading the hearing examiner said among other things:

"Clearly, in my view the requested reclassification to the R-T Zone *must meet both of these*

*requirements before it can be granted. In the subject case it is my opinion that the reclassification would meet the first requirement but not the second. \* \* \**

"It seems axiomatic to me that if a particular zoning application requesting the R-T Zone does not meet the specific purposes for that zone as stated in the Zoning Ordinance, it cannot be held to be a proposed development which would be compatible with the existing and planned land uses in the surrounding area. *Since I have already concluded that the subject applications do not comply with the second purpose for the R-T Zone, it is further my conclusion that the requested reclassifications would not provide a form of development which would be compatible* with the existing and planned land uses in the area." (Emphasis added.)

### III. *The Public Interest*

Under this heading the hearing examiner said among other things:

"Nevertheless, in spite of the adequacy of public facilities and the possibility of providing access which would have no adverse impact upon the adjoining neighborhood, it is still my conclusion that the granting of the subject applications would not be in the public interest. This conclusion is largely dictated by my conclusion in Section I of this report that the subject applications would not be compatible with the surrounding area. \* \* \*

*"Because I have found that the subject applications do not comply with the purpose section of the R-T Zone* as stated in the Zoning Ordinance and therefore are not compatible with the surrounding area, I further find that the granting of the subject applications would not be in the public interest." (Emphasis added.)

The hearing examiner had said in his discussion under his heading No. II. (The Comprehensive Zoning Plan):

"At this stage, I cannot conclude that the subject applications are adverse to the recommendations of the adopted Master Plan for the area since that Plan, at least with respect to the subject properties, is no longer a viable plan."

The hearing examiner then declared his conclusions and recommendations as follows:

"1. The requested reclassifications would not result in the form of development which would be compatible with the existing and planned land uses in the surrounding area and would not comply with the purposes of the R-T Zone as stated in the Zoning Ordinance.

2. The requested reclassifications to the R-T Zone are in accord with the most recent planning recommendations approved by the County Council, i.e. the Statement of Concepts, Guidelines and Goals for the Kensington-Wheaton Planning Area.

3. The requested reclassifications are not in the public interest.

"I, therefore, recommend that Application No. F-643 for the reclassification from the R-60 Zone to the R-T Zone of 5.17 acres located on the east side of Connecticut Avenue, approximately 200 feet south of Adams Drive, in the 13th Election District, in Kensington, be *denied* for the R-T Zone.

"I further recommend that Application No. F-699 for the reclassification from the R-60 Zone to the R-T Zone of 1.71 acres located on the east side of Connecticut Avenue, between Woodridge Avenue and Woodson Avenue, in the 13th Election District, in Kensington, be *denied* for the R-T Zone."

The County Council for Montgomery County, sitting as

the District Council, in the course of its opinion and resolution denying the requested reclassifications said:

"The District Council agrees with the findings, conclusion and recommendations of the Hearing Examiner.

"We agree with the Hearing Examiner that the subject applications would not comply with the second purpose for the R-T Zone * * *.

* * *

"Finally, we agree with the Hearing Examiner that the subject applications would not be in the public interest because the development in the R-T zone would violate the purposes of that zone and provide an incompatible planned use with the rest of the surrounding area."

It is quite plain, accordingly, that the recommendation of the hearing examiner and the resolution by the District Council denying the requested reclassifications both were influenced substantially by their conclusion that the purpose section of the zoning ordinance compelled a showing of the two conjunctive purposes set forth in the ordinance before the R-T zone lawfully might be applied to particular properties.

On October 24, 1972, subsequent to this appeal to the Circuit Court but prior to a decision therein, the County Council for Montgomery County, sitting as a District Council, amended the Montgomery County Zoning Ordinance to read as follows:

"1. Amend Section 111-12, title 'R-T Zone, Town Houses,' by amending the first paragraph to read as follows:

Purpose—The purpose of the R-T Zone is to provide suitable sites for Town Houses:

(a) In sections of the County that are designated or appropriate for multiple family residential

development at densitites of 12.5 units or more per acre; [and] or

(b) In locations in the County where there is a need for buffer or transitional uses between commercial, industrial, or high density apartment uses and low density single family uses.

EXPLANATION:
[Brackets] indicate text deleted.
Underscoring indicates text added."

The opinion of the District Council that accompanied the text amendment, *supra*, had declared *inter alia*:

" * * * the Council has concluded that *the R-T zone may be appropriately applied if a property meets either* of the two criteria in the first paragraph of the purpose section * * *." (Italics supplied.)

Counsel for the appellants brought the attention of the lower court to the fact that the quoted section had been amended and urged that such amendment compelled reversal of the District Council's resolution and the grant of the requested reclassifications. The trial court rejected a motion for summary judgment to accomplish that suggestion. We agree with the trial court's decision that the altered statute did not compel the grant of the requested reclassifications. We find that the amendment does, however, compel the reconsideration of the cause by the appropriate zoning authorities. The hearing examiner and the District Council had stressed the necessity for conjunctive application of both prongs of the special purpose section of the ordinance.

The trial court held that since conjunctive application of the ordinance "was not the sole basis of the recommendation of the Hearing Examiner nor of the decision of the District Council" the denial of the requested reclassifications would be affirmed.

The difficulty with that approach is that it is impossible to know either (a) what the *recommendation* of the hearing examiner would have been, or (b) what *resolution* would

have been passed by the District Council *if their respective decisions were required to be made in accordance with the terms of the ordinance as amended.*

There can be no doubt that appellants were entitled to have their rights determined under the ordinance as amended. In *Janda v. General Motors,* 237 Md. 161, 205 A. 2d 228, it was said at page 169 [233]:

> "A statute which affects or controls a matter still in litigation when it became law will be applied by the court reviewing the case at the time the statute takes effect although it was not yet law when the decision appealed from was rendered, even if matters or claims of substance (not constitutionally protected), as distinguished from matters procedural or those affecting the remedy are involved, unless the Legislature intended the contrary."

The rule stated in *Janda, supra,* applies with equal force to zoning cases. In *Anne Arundel County v. Maragousis,* 268 Md. 131, 299 A. 2d 797, it was said at page 139 [802]:

> "It has consistently been our policy to consider zoning cases on the state of the substantive law as it exists when the case is argued before us, *Dal Maso v. Board of County Comm'rs,* 264 Md. 691, 694, 288 A. 2d 119 (1972); *Mandel v. Board of County Comm'rs,* 238 Md. 208, 215, 208 A. 2d 710 (1965); *Yorkdale Corporation v. Powell,* 237 Md. 121, 124-28, 205 A. 2d 269 (1964), and compare *Springloch Area Citizens Group v. Montgomery County Board of Appeals,* 252 Md. 717, 723, 251 A. 2d 357 (1969). The amendment of § 3-320.1 and of § 13-320.3 marked the opening of an entirely new ball game, because the uses permitted by § 3-303.1 were obviously much wider in scope."

In the subject case also there was a new ball game. The change effected by the amendment of the zoning ordinance compels us to vacate: (a) the order of the trial court; (b) the resolution of the District Council; and (c) the

recommendation of the hearing examiner. We remand the cause without affirmance or reversal for reconsideration by the hearing examiner upon the same, or in his discretion, upon additional evidence and for subsequent consideration by the District Council, all without prejudice to any right to subsequent judicial review in accordance with law. Rule 1071. *Redden v. Montgomery County,* 270 Md. 668, 313 A. 2d 481; *Anne Arundel County v. Maragousis, supra.*

> *Order of the trial court vacated; resolution of the District Council vacated; recommendation of the hearing examiner vacated.*
>
> *Cause remanded without affirmance or reversal for further proceedings before the hearing examiner.*
>
> *Costs to be paid by Montgomery County.*