## STATE OF MARYLAND *v.* STEWART ELLSWORTH BAILEY LAYMAN, JR.

[No. 49, September Term, 1975.]

* * *

## HAROLD M. BOSLOW, DIRECTOR, PATUXENT INSTITUTION *v.* STEWART E. B. LAYMAN, JR.

[No. 53, September Term, 1975.]

*Decided October 7, 1975.*

The cause was argued before Morton, Gilbert and Lowe, JJ.

*Donald R. Stutman, Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County, Timothy E. Clarke, Jerome C. Schaefer* and *Louis S. Lear, Assistant State's Attorneys for Montgomery County*, on the brief, for appellants.

*Murray L. Deutchman* for appellee.

GILBERT, J., delivered the opinion of the Court.

The State, in Appeal No. 53, seeks reversal of the issuance by Judge H. Ralph Miller in the Circuit Court for Montgomery County, Maryland, of a Writ of *Habeas Corpus* commanding the release of Stewart Ellsworth Bailey Layman, Jr.[1] from the Patuxent Institution on the ground that Layman's sentence, when "good time"[2] is deducted therefrom, had expired.[3]

The State, in Appeal No. 49, is aggrieved by the refusal of Judge Miller, prior to his issuance of the writ, to hold Layman in contempt for not complying with an order of court that directed Layman to submit to examination by the Patuxent staff. The State asks us to reverse Judge Miller's declination to find Layman in contempt.

Layman has moved to dismiss Appeal No. 53. He bottoms his contention on the ground that, unlike *Director v. Cash*, 269 Md. 331, 305 A. 2d 833 (1973), the trial court did not implicitly or explicitly declare a legislative enactment wholly or partially unconstitutional. Layman also asseverates that, assuming *arguendo* that Appeal No. 53 must be dismissed, then Appeal No. 49 collapses of its own weight because the issue posed by it would then be mooted,

---

1. For background relative to Layman's original confinement under the jurisdiction of the Division of Correction, *see* Layman v. State, 14 Md. App. 215, 286 A. 2d 559 (1972), *cert. denied*, 265 Md. 740 (1972).

2. Deduction of "good time" from a sentence is authorized if a person is in confinement under the jurisdiction of the Division of Correction. We do not in this opinion reach the question of whether a person held at Patuxent, but not adjudicated a defective delinquent, falls within the scope of the "good time" allowance.

3. The record is hazy as to whether the State "stipulated", or "agreed", or neither, that "good time" was applicable to Layman's sentence even though Layman was confined at Patuxent.

and appellate courts do not sit in order to decide abstract questions of law. *Lloyd v. Board of Sup'rs of Elections,* 206 Md. 36, 111 A. 2d 379 (1954); *Grau v. Board of Zoning Appeals,* 210 Md. 19, 122 A. 2d 824 (1956).

The State asserts that:

"The lower court in its order of January 31, 1975, held in essence that the provisions of Article 31B, §§ 7 (a), 9 (a) and 10 (a) which provide a person referred to Patuxent Institution for diagnosis and evaluation to be entitled to good time upon his return to the Division of Correction was unconstitutional in that the person should also be entitled to good conduct time while confined to Patuxent Institution. While not specifically stating the same, the effect of the lower court's order in this case and the companion case of State v. Layman, No. 49, September Term, 1975, have the effect of holding unconstitutional those provisions of Article 31B, §§ 7 (a), 9 (a) and 10 (a). The State has an obligation [*see Director v. Cash,* 269 Md. at 351] to present for this Honorable Court's consideration decisions of trial courts of this State which either explicitly or implicitly hold a State statute unconstitutional pursuant to § 3-706, Courts and Judicial Proceedings."

In the State's view Judge Miller fell into the same fault as did the trial judge in *Cash.* The State argues that the judge's deeming that "good time" was applicable to a person in Patuxent who had not been found to be a defective delinquent, is directly contrary to *Cash.* In short, the State sees little, if any, difference between *Cash* and the instant case, and on oral argument strongly urged that *Cash* is completely dispositive of Appeal No. 53.

Layman suggests that *McNeil v. Director, Patuxent Institution,* 407 U. S. 245, 92 S. Ct. 2083, 32 L.Ed.2d 719 (1972), is more akin to the matter now before us. In that case Mr. Justice Marshall, for the Supreme Court, said that McNeil's "sentence having expired, he is no longer within the

class of persons eligible for commitment to the Institution
as a defective delinquent. Accordingly, he is entitled to be
released." 407 U. S. at 252. We think that both *McNeil* and
*Cash* are inapposite. In *McNeil* there was no question but
that McNeil's sentence had expired. *Cash* was decided on the
basis that a State law had been declared unconstitutional
and that the State had a right to appeal under former
Maryland Annotated Code provision, art. 42, § 19. That
section provided:

> "Whenever any court in this State having
> jurisdiction in the premises, other than the Court of
> Appeals or the Court of Special Appeals, or when
> any judge of any court in this State having
> jurisdiction in the premises shall release or
> discharge any person brought before such court or
> judge, under the writ of habeas corpus, charged
> with the violation of the provisions of any act of
> Assembly of this State, or section thereof or of any
> article or section of the Code of Public General
> Laws or public local laws of this State, *upon the
> ground, or for the reason, that such act of
> Assembly, or section thereof, or such article or
> section of the Code of Public General Laws or
> public local laws is unconstitutional and void, in
> whole or in part,* because contrary to the
> Constitution or Bill of Rights of this State, or
> because contrary to the Constitution of the United
> States, it shall be the duty of the said court of [or]
> judge ordering such release or discharge for said
> cause to reduce his opinion to writing within five
> days after ordering said release or discharge, and to
> transmit the original papers in said case, together
> with a copy of its or his order of release or
> discharge, and of his said opinion, under his hand
> and seal, to the Clerk of the Court of Special
> Appeals; and it shall be the duty of the said court to
> consider the papers so transmitted to its said clerk,
> including said order of release or discharge, and
> said opinion, at the earliest practicable period, after

the receipt thereof by its said clerk, and to give its opinion in writing upon the case so presented; and the said opinion so given shall have and possess the same authority as if the same was filed in a case formally heard and determined in said court on appeal." (Emphasis supplied).

The Court of Appeals, in *State v. Musgrove*, 241 Md. 521, 217 A. 2d 247 (1966), said that while the State ordinarily had no right of appeal from the issuance of a Writ of *Habeas Corpus*, such a right did exist pursuant to what is now former Code provision, art. 42, § 19 because of the "... substantial questions of extraordinary public importance and concern ..." that arose whenever a judge based his issuance of a Writ of *Habeas Corpus* upon a finding that a State law is wholly or partially unconstitutional. The Court in *Musgrove* noted that art. 42, § 19 provided for an "automatic" appeal which, by the express terms of the act, required trial judges to file a memorandum of the reasons why a State law, wholly or partially, was declared unconstitutional. The holdings of *Cash* and *Musgrove* with respect to the State's right to appeal from the issuance of a Writ of *Habeas Corpus* have been substantially modified by Laws 1973, 1st. Special Session, Ch. II, effective January 1, 1974. At that Special Session, Md. Ann. Code art. 42, § 19 was repealed, and what is now codified as Courts and Judicial Proceedings Article was enacted. Section 3-706 of the Courts and Judicial Proceedings Article, which is the apparent replacement for Md. Ann. Code art. 42, § 19, the so-called "automatic" appeal, now provides in pertinent part:

"(a) *Memorandum to be filed after discharge.* — If a person is released or discharged by a judge under the writ of habeas corpus on the ground that *the law under which the person was convicted is unconstitutional,* in whole or in part, the judge shall file a memorandum within five days after the release or discharge and transmit it with original papers in the case to the clerk of the Court of Special Appeals." (Emphasis supplied).[4]

4. Courts Art. 3-706 is similar to Md. Rule Z56. The Rule was added May

It appears, therefore, that whether, as the State contends, Judge Miller declared provisions of the Md. Code art. 31B dealing with Patuxent Institution, unconstitutional, or he, as Layman contends, did not reach that result, is irrelevant to Appeal No. 53. It is irrelevant because we are without authority in either event to consider the record transmitted to us. The law is clear that when a person is released or discharged under a Writ of Habeas Corpus the record is to be transmitted to this Court for our consideration only when the basis for the release or discharge is that the law under which the person was *convicted* is unconstitutional in whole or in part. Judge Miller did not declare any portions of the Md. Ann. Code art. 27, the Criminal Code under which Layman had been *convicted*, to be wholly or partly unconstitutional, and therefore, the record should not have been transmitted to us.

It may well be that the Legislature might deem it desirable to amend Courts Art. 3-706 so as to provide for appellate review whenever a person is released from confinement as a result of a trial judge's declaring *any* State law wholly or partially unconstitutional. Until and unless the Legislature does so, however, we may not consider the case, saving and except that one instance where the law under which the person was *convicted* is declared wholly or partially unconstitutional.[5]

We hold that Appeal No. 53 must be dismissed because there is simply no authority for this Court to consider it.

10, 1963 and would appear to have modified Md. Ann. Code art. 42, § 19. *See* Maryland *Constitution* Art. IV, § 18A. Maryland Rule Z56 provides that whenever a person is ". . . discharged under a writ of habeas corpus on the ground that the statute or law under which such person was *convicted* is unconstitutional and void", (emphasis supplied), the trial judge shall file a memorandum as to his reasons within five days, and the clerk of the court shall transmit the same to the appellate court. The rule was in effect at the time when both *Cash* and *Musgrove* were decided. The effect of Md. Rule Z56 was not raised by the appellee in Director v. Cash, *supra*, nor does it appear that the Court considered it. In State v. Musgrove, *supra*, although Md. Rule Z56 was cited, it was not discussed.

5. The Court of Appeals Standing Committee on Rules of Practice and Procedure might also be desirous of considering recommending modification of Md. Rule Z56.

Appeal No. 49 is also dismissed on the ground that our disposition of Appeal No. 53 moots Appeal No. 49.

*Appeals dismissed.*
*Costs to be paid by Montgomery County.*